### T. H. Marberry v. The State.

No. 10347.    Delivered January 26, 1927.

Rehearing denied State April 20, 1927.

**1.—Accepting Deposits, Bank Insolvent—Evidence—Opinion of Witness— Properly Excluded.**

Where, on a trial for accepting deposits in a bank while said bank was insolvent, and in failing circumstances, the court properly refused to permit the appellant and the cashier of the bank to testify that from

their knowledge of the property of the bank, and its liabilities, same was solvent at the time of the alleged deposit, said testimony called for conclusions and opinions of the witnesses.

**2.—Same—Evidence—Properly Excluded.**

There was no error in the refusal of the court to permit the appellant to testify on his examination in chief that he had never been charged with any crime prior to this offense. This proposition was decided adversely to appellant in the case of Brown v. State, 92 Tex. Crim. Rep. 147.

**3.—Same—Evidence—Erroneously Admitted.**

The court erred in permitting the state to prove that appellant had turned over his homestead to the receiver of the bank, and had received a credit of $6,000.00 on his notes in said bank, and the sum of $4,000.00 in cash from the receiver, and that said homestead was worth only $4,000.00. The testimony was as to a subsequent transaction, had no relevancy to the failure of the bank, and was prejudicial. This criticism also applies to testimony of appellant having turned over stock in the mill and elevator company, and receiving credit therefor on his indebtedness to the bank.

**ON REHEARING BY STATE.**

**4.—Same—No Error Presented.**

On rehearing the state contends that the testimony as to appellant's having turned over his homestead to the receiver of the bank at an excessive value was admissible in rebuttal. We cannot agree to this contention. It was not admitted in rebuttal, but was brought out in its entirety on cross-examination by the state, and we are confirmed in our original opinion, holding it inadmissible. The state's motion for rehearing is overruled.

Appeal from the District Court of Clay County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for assenting to the acceptance of a deposit in the Merchant and Planters Bank of Henrietta, while said bank was insolvent, and in failing circumstances, penalty two and one-half years in the penitentiary.

The opinion states the case.

*Taylor, Muse & Taylor* of Wichita Falls, for appellant.

*W. J. Glasgow* of Henrietta; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of the offense of unlawfully assenting to the acceptance of deposits in the Merchants and Planters Bank at Henrietta, Texas, while said bank was insolvent and in failing circumstances, and his punishment assessed at two and one-half years in the penitentiary.

The record discloses that the appellant was president of said bank, which was duly incorporated under the banking laws of

this state; that he had the active management and control thereof; that on the 13th or 14th of June, 1923, a deposit was received in said bank from one J. W. Lindsay; and that the bank closed after banking hours on June 15, 1923. It was the contention of the state that said bank was insolvent and in failing circumstances at the time the deposit was made by Lindsay, and that the appellant knew of the insolvent condition at the time and closed the bank on account of the insolvency thereof. The appellant defended upon the ground that said bank was not insolvent or in failing circumstances at the time of the alleged deposit, and that the reason same was closed was on account of advice received from his lawyer, Mr. Dickey, to the effect that a law recently passed by the legislature applied to his bank, and that he closed same to prevent a violation of said law.

The record contains ten bills of exception. Bills 2, 3 and 9 complain of the action of the court in refusing to permit the appellant and the cashier, one Brown, to testify, in effect, that from their knowledge of the property of the bank and its liabilities, same was solvent at the time of the alleged deposit, and to the refusal of the court to permit the cashier to testify that if he had known that the law in question did not apply to his bank and had been permitted to do so, he could have run the bank in the usual way. The court refused to admit this testimony upon the objection of the state that it called for conclusions and opinions of the witnesses. We are of the opinion that there was no error committed in the refusal to admit said testimony.

Bills 4 and 5 complain of the action of the court in permitting the state to introduce in evidence and read to the jury Ch. 185, pp. 421-425, Acts of the Thirty-Eighth Legislaure, regulating the business of banking in this state. The appellant strenuously insists that the admission of this testimony was very prejudicial to him and constituted reversible error. We infer from the bills that this testimony was introduced by the state for the purposse of contradicting the testimony of the appellant to the effect that his counsel, Mr. Dickey, advised him that said law applied to his bank, and for the purpose of showing that it was not upon said advice that the bank was closed. It is the opinion of the writer that it was error for the court to permit the District Attorney to read this statute to the jury. The members of this court express the view that its admission was of doubtful propriety, but refrain from a positive announcement regarding the matter without a further investigation of the question. Since the judgment must be reversed upon other

grounds, however, the members of the court do not think it necessary to hold up the disposition of the case.

Bill No. 6 complains of the refusal of the court to permit the appellant to testify, on his examination in chief, that he had never been charged with any crime prior to this offense. There is no merit in this contention, and this court has decided this proposition adversely to the appellant in the case of Brown v. State, 92 Tex. Crim. Rep. 147, 242 S. W. 218.

Bills 7 and 8 complain of the action of the court in permitting the state, on cross-examination of appellant, to show that the receiver of the bank allowed him for his homestead, as a credit on his notes in said bank, the sum of $6,000.00 and paid him $4,000.00 in cash therefor; and in permitting the state, over appellant's objection, to prove by the witness Lefever that said homestead was worth only $4,000.00. We think the admission of this testimony was error. It was bound to be prejudicial to the appellant to permit the state to show that a subsequent transaction between him and the receiver placed a value on the homestead greatly in excess of the real value thereof.

What has been said with reference to bills 7 and 8 applies also to bill 10 relative to appellant turning over to the receiver stock in the Mill and Elevator Company and receiving credit therefor on his indebtedness.

For the errors above mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In its motion for rehearing the state asserts that the testimony, the admission of which was held by us to be reversible error in our former opinion, was admissible on behalf of the state to combat evidence introduced by appellant while a witness, and drawn by him from the receiver of the bank, showing that appellant had received more from said receiver for his homestead than it was worth. In other words, we held it error for the state to prove over objection that appellant received $4,000.00 in cash and a credit of $6,100.00 on his indebtedness to the bank for his homestead from the receiver

of the bank, and then to prove by real estate men that the homestead was only worth $4,000.00; and the state now here contends that it was permissible for it to prove by said real estate men that the value of the homestead was only $4,000.00, inasmuch as appellant had undertaken to win favor in the eyes of the jury by testifying and having the receiver to testify that he had turned over to the receiver his homestead, worth something over $10,000.00, and had gotten only $4,000.00 out of it. An inspection of the record shows that the state is in error in its assumption of the fact that the testimony that appellant had turned his homestead over to the receiver was brought out by the defense. Mr. Mangum, the former receiver of the bank, was introduced as a witness for the state and testified to this fact on his direct examination. Appellant took the stand as a witness in his own behalf and did not refer to such fact on his direct examination, but it was drawn out of him by the state on cross-examination. It thus appearing that appellant had not attempted to make capital of his surrender of his exempted homestead, and that we were right in our original opinion, the state's contention that it should have been allowed to make the proof because such testimony was drawn out by appellant, is erroneous.

The state's motion for rehearing is overruled.

*Overruled.*