FRANK KIRK v. THE STATE.

No. 14263. Delivered May 27, 1931.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, two years in the penitentiary.

Appellant presented to the court his bill of exception complaining of the court's refusal to instruct the jury not to consider the testimony of Mr. Sullivan regarding appellant's bad reputation for peace and quietude. The court refused to approve this bill and prepared one of his own, upon the filing of which appellant filed his bystanders' bill duly sworn to by three citizens of the county. The bill of the court and said bystanders' bill are in conflict. We have examined the entire record on the points at issue.

Appellant had filed an application for a suspended sentence which placed in issue his reputation for being a peaceable, law-abiding citizen or otherwise. After appellant testified, claiming self-defense and that he acted upon threats of deceased, the state placed upon the stand Mr. Sullivan who swore that he was familiar with the general reputation of appellant for peace and quietude in the community in which he lived, and that it was bad. Upon cross-examination he said that he was testifying about appellant's reputation from what he knew himself and not what others said; that he was sure of that; that it was not what others said, but what he, Mr. Sullivan, said based on their business dealings, etc. The state took Sullivan on redirect and he testified that he was acquainted with appellant's general reputation as a peaceable, law-abiding citizen in the community where he was best known, and that it was bad. Upon being re-cross-examined he affirmed again that he was basing his testimony upon his own personal dealings with defendant and his own personal knowledge of him,—not what Tom, Dick or Harry said, but what "I B. A. Sullivan knows himself." He also said it made no difference how many times the district attorney asked him, that he was basing his testimony on what he knew personally. He further said he did not know that he had heard anybody talk about appellant's reputation, but that he knew what he knew and was testifying from his personal observation and dealings

with appellant. He emphatically said there was no question about that,—that it was his own personal observation and dealing with appellant, and that he could not say for sure whether he had ever heard anybody else say anything about it, and that he did not know whether he could name a single man he had ever heard say anything about it. In our opinion, in this condition of the record, the learned trial judge fell into error in not sustaining the motion to strike out the testimony of the witness. Brownlee v. State, 13 Texas App., 257; Trammell v. State, 10 Texas App., 467; Tyler v. State, 46 Texas Crim. Rep., 14. Further examination discloses that but three witnesses testified regarding appellant's reputation for peace and quietude, one of whom affirmed that his reputation was very good, and the third of whom said it was bad. The question of such reputation was very vital to appellant as supporting his application for suspended sentence. We can not tell but that the jury may have been hurtfully influenced against appellant and that their denial of a suspended sentence was based upon the testimony of witness Sullivan.

We have examined each of the other bills of exception, and are of opinion that same present no error.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*