HARRY ROGERS v. THE STATE.

No. 16579. Delivered March 28, 1934.

The opinion states the case.

*DeWitt Bowmer,* of Temple, and *A. J. Lewis,* of Cameron, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Garnett Bearden by shooting him with a pistol.

Some time prior to the homicide appellant and deceased had engaged in an affray. Appellant's version was that, after the affray, deceased had become imbued with the idea that appellant was responsible for the fact that he (deceased) had been required to pay a fine in excess of that assessed against appellant. Appellant and his witnesses testified that deceased had threatened appellant and that these threats had been communicated to appellant. On the night of the homicide appellant and several companions went in a car to a gravel pit. While they were there deceased came up in an automobile. Getting out of his car, he went toward the car occupied by appellant. Appellant testified that deceased attacked him, and that he fired the fatal shot in self-defense. Other witnesses gave the same version of the transaction. Witnesses for the State testified that appellant shot deceased without any provocation on the part of deceased.

Bills of exception 4 to 27, inclusive, relate to appellant's objection to the testimony of State's witnesses to the effect that deceased was a man of kind and inoffensive disposition. None of the witnesses testified that he was acquainted with the general reputation of deceased in the community in which he resided touching the trait of character inquired about. All of the witnesses, over appellant's proper objection, based their statement that deceased was a man of kind and inoffensive

disposition upon their own personal knowledge of deceased. In other words, in speaking of the general character of deceased, they gave the result of their own personal experience and observation, and expressed their own opinion on the question. A similar situation was presented in the case of Brownlee v. State, 13 Texas App. 255. There it was said: "The inquiry as to character must be limited to the general reputation of the person in the community of his residence, or where he is best known; and the witness must speak from his knowledge of this general character, and not from his own individual opinion. * * * Counsel for defendant contends that this rule does not apply to proof of character under article 612 of the Penal Code. We see no reason why it should not. We find no such distinction as is contended for laid down in the books. Mr. Wharton, in his work on Criminal Evidence, section 58, in treating upon this subject, says: 'Character, in the sense in which the term is used in jurisprudence, means the estimate attached to the individual by the community, not the real qualities of the individual as conceived by the witness. In other words, it is not what the individual in question really is, but what he is held to be by the society in which he moves. "Character," therefore, is to be regarded as convertible with "reputation." A witness, therefore, who is called to speak to character—unlike a master who is asked for the character of his servant—cannot give the result of his own personal experience and observation, or express his own opinion, but, in strict law, he must confine himself to evidence of mere general repute.' "

Brownlee's Case was cited with approval by this court in Kirk v. State, 39 S. W. (2d) 61. In that case Kirk had filed his application for a suspended sentence. A witness called by the State was permitted to testify that the general reputation of Kirk, as a peaceable and law-abiding citizen in the community in which he lived, was bad. It developed that the witness based his statement upon his own personal dealing with Kirk and upon his own personal knowledge of him, and not upon mere general repute. In reaching the conclusion that the motion to withdraw the testimony from the jury should have been granted, this court, in an opinion by Judge Lattimore, used language as follows: "We cannot tell but that the jury may have been hurtfully influenced against appellant and that their denial of a suspended sentence was based upon the testimony of witness Sullivan."

In the present case there was no testimony supporting the contention of the State that deceased was a man of kind and

inoffensive disposition other than that given by the witnesses who based their opinion upon their own personal knowledge of deceased. In the state of the record, we would be unwilling to hold that the testimony in question did not cause the jury to reject appellant's version of the transaction.

Upon another trial paragraph 18a of the court's charge should be amended. This paragraph attempts to limit certain impeaching testimony. It should have been left to the jury to determine whether the statements attributed to the witness sought to be impeached were in fact made by him, and further, the jury should have been left to determine, under appropriate instructions, whether it affected the credibility of the witness. The court's charge in the present case is very similar to that condemned by this court in Moore v. State, 281 S. W., 1080. However, we do not predicate a reversal upon this matter.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.