MANUEL PEREZ V. STATE.

No. 24236. April 13, 1949.

*J. W. Ragsdale,* Victoria, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Murder is the offense; the punishment, seventy-five years in the penitentiary

This killing took place in the front, or lobby, of a motion picture theatre about seven p. m. on October 18, 1947.

Rendon, twenty-four years of age, had a conversation with the appellant in the balcony of the theatre. He (Rendon) left and went down stairs to the lobby where the deceased, Maria Herrera, a young lady eighteen years of age, was standing. Rendon and deceased were engaged in a conversation when appellant came down and dashed immediately to Rendon, stabbing him in the groin with a knife. He then attacked the deceased and, while she was backing away, stabbed her with the knife in the left side in the region of the tenth rib, penetrating the lung. The blade of the knife was about two and three-quarter inches in length.

Appellant returned, after the stabbing, to the balcony and into the projection room, where he was arrested. At that time he delivered to the arresting officer the knife used.

It was about an hour and a half before the deceased received medical attention. About three days thereafter she was taken some distance to a hospital, where she died eight days after the injuries had been inflicted. The attending physician testified that the cause of the death of deceased was the penetration of the lung, which caused it to fill up and collapse.

There was testimony to the effect that the wound inflicted was not necessarily fatal and that the deceased came to her death as a result of gross neglect and manifest improper treat-

ment on the part of the attending physician. This issue was submitted to the jury.

There was testimony that appellant was intoxicated at the time.

Testifying as a witness in his own behalf, appellant claimed that he knew nothing of what happened; that he suffered a complete lapse of memory. He denied any knowledge of being intoxicated. He asserted that he had no animosity, ill-will, or reason or intent to kill the deceased or to attack Rendon.

Appellant offered to prove by his mother that, at his request, she went to the mother of the deceased and offered to help in caring for and attending the deceased and to defray the doctor bill and expenses incurred in treating the deceased.

The objection of the state to such testimony was sustained. In this, we perceive no error.

The gross neglect and mistreatment relied upon by appellant was founded upon the acts of the physician and not upon the failure to secure a physician or pay the expenses necessary or incident to treatment of the deceased. The relevancy of the proffered testimony is not shown.

Appellant objected to the proof showing the attack upon and the stabbing of the witness Rendon.

Such testimony was a part of the transaction as a whole and was, therefore, admissible as a part of the res gestae.

Appellant objected to the introduction in evidence of the knife taken from the person of the appellant when he was arrested soon after the assault, the objection urged being that appellant's arrest was illegal.

We notice that appellant, when testifying upon cross-examination, identified the knife offered in evidence as his. He therefore testified to the same fact to which he registered the objection. One may not object to proof of a fact which he, himself, admits in his own testimony. Johnson v. State, 118 Tex. Cr. R. 293, 42 S. W. (2d) 421.

Appellant proved by several witnesses his good reputation for being a peaceable and law-abiding citizen. The state made

no ·effort to discredit the testimony of these witnesses. Appellant then attempted to prove by the character witnesses that they had never heard of appellant being charged upon a violation of the law, and that appellant had not, in fact, been charged with crime. The state's objection was properly sustained.

In 18 Tex. Jur., Sec. 54, p. 112, we find the rule stated as follows:

"It is not proper for the accused to prove good character by showing that he had never been previously charged with or convicted for any offense. Nor is his reputation as a soldier in the army competent to disprove his good character."

Several bills of exception appear complaining of argument of state's counsel. It would serve no useful purpose to here set forth the arguments complained of. It is sufficient to say that no mandatory or statutory right was violated, or involved. It appears that the arguments were proper deductions to be drawn by state's counsel from the facts.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.