VEDA GREEN V. STATE.

No. 24924. December 13, 1950.
Motion for Rehearing Denied February 14, 1951.

Shelburne H. Glover, Texarkana, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for murder without malice and given a sentence of three years in the penitentiary.

As a witness in her own behalf, appellant details a long and tumultuous married life with W. O. Green, in which intoxicating liquor played its usual conspicuous role. They had two married sons. She had recently obtained a divorce from her husband. They met at the station to see one of the sons leave, by plane, for service in the armed forces. Their meeting resulted in an agreement to be remarried on Saturday night, August 13th. They took a trip together to Hot Springs, Arkansas. On their return she displayed a pistol and fired it in the open, as she said, for the first time that she had ever shot a pistol. Appellant was called to Orange, Texas, because of the birth of a grandchild. She found their youngest son in need of money and returned to Texarkana where, after considerable parleying, she induced the father to wire the money to the son. He then told her he did not intend to remarry her, that he was just stringing her along. Several clashes between them occurred prior to the shooting Sunday afternoon. While she was in her own car, she discovered him in his truck with a woman in the seat by him. She followed them for some time until they parked at

the city hall. She drove up and fired several shots at her ex-husband, wounding him and killing his companion—who proved to be appellant's first cousin and very close friend. Her conviction was for the murder of the woman.

The shooting of the woman appears to have been accidental while she was shooting at her ex-husband. Under the facts of the case, however, the jury would be warranted in finding that the shots were directed at the deceased.

Bill of Exception No. 1 complains of the failure of the court to declare a mistrial. It will not be necessary to analyze the bill. It does not show error.

Bill No. 2 complains that the state's attorney was permitted to cross-examine appellant with reference to a statement which she had given in writing to the officers soon after the shooting. We are unable to understand what error is complained of. It is assumed on examination that the statement was taken illegally. The record does not justify that assumption. The statement was offered in evidence and we find no objection to it.

Bill of Exception No. 3 complains of the exclusion of testimony, but does not set out the evidence which was excluded. We are unable to appraise this bill.

Bill of Exception No. 4 complains of a question asked W. O. Green, the ex-husband of appellant, who was wounded by appellant at the time of the killing. Only a part of the question was given and it was not answered. Apparently the state was seeking to prove that there was a case pending against appellant for shooting at him. This evidence was given by the appellant herself and was before the jury. Even if there had been error in asking the question, the admission of the same evidence from appellant testifying in her own behalf would make the error harmless. See 4 Tex. Jur. p. 586, Sec. 414. In the state of the record, however, we are not able to say that the state had no right to ask the question and secure the answer.

We find no reversible error and the judgment of the trial court is accordingly affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant urges that reversible error is shown in the overruling of her objections to the court's charge.

The trial judge was requested to instruct the jury that appellant had the right to prevent her false arrest and imprisonment and to use such force as was necessary to retain her liberty.

No such defensive issue was raised by the evidence. Appellant testified that she believed that her ex-husband was going into the police station for the purpose of having her locked up, and she decided to shoot him.

Such facts do not give rise to a charge regarding the right to defend against an illegal arrest and imprisonment.

The trial court gave an unrestricted charge upon the law of self-defense and threats, and there was no necessity for the further requested charge on appellant's right to arm herself. See Branch's Ann. P.C., p. 1091, Sec. 1950.

We have again examined appellant's Bill of Exception No. 1 complaining of the following remark of the trial court:

"I want to go ahead with you Mr. Glover, and let you make the best case you can for your client."

The jury was instructed not to consider the remark, and were assured by the trial judge that it was not intended as any comment upon the evidence or as to the guilt or innocence of appellant.

We remain convinced that the trial court was correct in refusing to declare a mistrial because of this incident.

Other questions as to the court's charge have been considered and no reversible error found.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.