## ROBERT WATSON V. STATE.

No. 25446. November 7, 1951.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) January 9, 1952.

Hon. Delos Finch, Judge Presiding.

*B. F. Patterson,* and *Joe Burkett,* San Antonio, for appellant.

586

*Austin F. Anderson,* Criminal District Attorney, *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin for the state.

DAVIDSON, Judge.

Murder is the offense; the punishment, fifteen years in the penitentiary.

In the light of the record here presented, an extended statement of the facts is not deemed called for, it being sufficient to say that the killing occurred as a result of or grew out of attentions paid by the appellant to the wife of the deceased, who was living separately from deceased but had not secured a divorce.

It was the state's contention that appellant was the aggressor and killed deceased without justification or excuse.

The defense was that of self-defense based upon actual attack as well as threats.

No complaint is brought forward as to the charge of the court.

Several bystanders' bills of exception are brought forward, as also are the state's controverting affidavits thereto. It is insisted by the state that the bystanders' bills should not be considered because of the controverting affidavits.

Without determining the question arising by reason of the different affidavits, we have decided to consider the bystanders' bills.

Three of these bills complain of the refusal of the trial court to permit proof by witnesses that deceased was a violent and dangerous man and a man calculated to carry out his threats. The form of the question by which this proof was sought to be elicited was:

"Do you know whether or not the deceased, H. F. Wilson, was a violent and dangerous man and a man calculated to carry out his threats?" The expected answer was that the witness knew the deceased to be such a man.

It will be noted that in the question propounded, as well as

the answer expected, the personal and private opinion of the witness as to the trait of character of the deceased was called for. Nowhere in the question was inquiry made concerning, or did the expected answer relate to the general reputation of the deceased as being a violent and dangerous man or a man calculated to carry out his threats.

By Art. 1258, P. C., the right is accorded to an accused, where self-defense based upon threats is presented, "to introduce evidence of the general character of the deceased. Such evidence shall extend only to an inquiry as to whether the deceased was a man of violent or dangerous character, or a man of kind and inoffensive disposition, or whether he was such a person as might reasonably be expected to execute a threat made."

In the early case of Brownlee v. State, 13 Tex. App. 255, where it was held not error to refuse to permit the accused in a murder case to introduce testimony as to the general character of the deceased, this court said:

"We think the court did not err in refusing to permit the witness to testify in regard to the general character of the parties. He had not qualified himself to speak as to the subject. The inquiry as to character must be limited to the general reputation of the person in the community of his residence, or where he is best known; and the witness must speak from his knowledge of this general character, and not from his own individual opinion."

It was there made clear that a witness called to testify as to one's character " 'cannot give the result of his own personal experience and observation, or express his own opinion, but, in strict law, must confine himself to evidence of mere general repute.' "

The Brownlee case has been followed in Kirk v. State, 118 Tex. Cr. R. 462, 39 S. W. 2d 61; Rogers v. State, 126 Tex. Cr. R. 39, 70 S. W. 2d 188.

The rule stated is deemed applicable and controlling here, for none of the witnesses claimed to know or testify as to the general reputation of the deceased concerning the trait or character about which inquiry was made. As the interrogatories were formed, the answers expected thereto of necessity expressed the individual opinions of the witnesses.

The trial court did not err in refusing to receive in evidence the opinions of witnesses.

Bill of Exception No. 4 is answered by a re-statement of the rule that a witness testifying to the good reputation of the accused may, upon cross-examination, be asked with reference to whether he had heard of acts of the accused or charges against him inconsistent with the character or reputation he had supported by his testimony. Stewart v. State, 148 Tex. Cr. R. 480, 188 S. W. 2d 167; Thompson v. State, 138 Tex. Cr. R. 491, 136 S. W. 2d 840; Garza v. State, 129 Tex. Cr. R. 443, 88 S. W. 2d 113.

. Moreover, appellant, upon his direct examination, testified as to his prior conviction for a felony and service in the penitentiary, which was one of the matters about which the witness above mentioned was interrogated in Bill of Exception No. 4. Having, himself, testified to the direct fact of conviction and sentence he waived any objection to proof of that fact from other sources. Green v. State, 155 Tex. Cr. R. 441, 236 S. W. 2d 139; Flannery v. State, 153 Tex. Cr. R. 36, 216 S. W. 2d 980; Perez v. State, 153 Tex. Cr. R. 223, 221 S. W. 2d 915.

As qualified, Bill of Exception No 5 fails to present error.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.