## G. F. HULSEY V. STATE

No. 26,956. April 28, 1954
Rehearing Denied (Without Written Opinion)
June 9, 1954

*Thomas, Thomas & Jones,* by *Guilford L. Jones,* Big Spring, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is arson; the punishment, four years in the penitentiary.

John Renfro testified that appellant came to his service station between midnight and 3 A.M. on July 15, 1953, and purchased four gallons of gasoline which he carried away in a round five-gallon can he loaned him. Appellant said he was

taking it to his brother who had run out of gasoline out on the highway and, after appellant had left, the witness heard fire sirens.

M. M. Hulsey, a brother of the appellant, testified for the state that he did not run out of gasoline on the night in question and did not see the appellant that night.

Rosa Rivera, who lived near the burned house, testified that she knew appellant and his automobile; that on the night of July 15, 1953, she saw appellant stop his automobile and go into the house that burned, then return to his automobile and get a round can which he carried into this house; that she heard a noise in this house, then she saw appellant leave and, as he passed near her, the fire started in his house, spreading quickly, as appellant ran to his automobile, put the can in the automobile and drove away.

Olivia Trevino testified, in substance, as did the witness Rosa Rivera.

It was shown that this fire gave off intense heat which came from the top of the floor in the house and, even though extinguished several times, it would suddenly re-ignite at the same place.

The evidence further shows that a bank statement showing an account in the First National Bank of Lamesa, Texas, in the name of "G. F. Hulsey, Box 234, City," was found just west of the burned house about 9 A.M. on July 15, 1953.

Appellant did not testify and offered only one witness in his behalf, Jess Walker, the owner of the house that was burned, who testified that he had had no trouble with the appellant and knew of no reason why he would burn his property.

On cross-examination by the state, Walker admitted that the house had been vacant for some time before the fire; that appellant's automobile was registered in his name; and that he had made a payment thereon. He further admitted that he and the appellant were good friends; that he had insurance in the amount of $1500 on the house which he had not collected; that appellant had done some work for him on his rent houses and had taken prospective tenants out to look at them.

The evidence is sufficient to sustain the conviction.

By Bill of Exception No. 1, appellant complains of a comment by the court to the jury immediately after they were impaneled and during his oral instructions to them concerning their actions during the noon hour which were, in part, as follows: "* * * that the jury must stay together and not speak to anyone about the case and not allow anyone to speak to them about the case; that this court had once had a case reversed because the jurors had separated or spoken to someone; that this court considered such a rule to be too harsh; but nevertheless that is the rule * * *."

He further complains of the refusal of his motion for a mistrial because of the above instruction upon the ground that the court "was in effect telling the jury that the judge expected a conviction, because it is only in the case of a conviction that there could possibly be a reversal of this case."

After hearing appellant's motion for mistrial the court orally instructed the jury as follows:

"Gentlemen of the jury, the instruction I gave you just before lunch about separation, no statement I made is to be regarded by you for any purpose other than to impress upon you at this time not to separate or talk to anyone else. I had no other purpose or intent and that should not be taken for any other purpose."

Following the above instruction, appellant's motion for a mistrial was overruled, and to such action he excepted.

It appears that the above occurred before any evidence was introduced.

The cautionary instructions above complained of did not refer to the instant case nor to any action which the court would take in the case on trial, but pointed out to the jury that he "once had a case reversed because the jurors had separated or spoken to someone; that this court considered such rule to be too harsh, but that is the rule." These remarks were followed by the court giving a clear and concise oral instruction to the jury that his former statement should be considered by them only as to their separation and talking to others during the trial and that no other purpose was intended.

We find nothing in said admonitory instructions which the jury could reasonably construe or apply as being a comment

conveying to the jury any opinion the court may have entertained in regard to the guilt or innocence of the appellant, or any intimation by the court as to what he thought their verdict should be.

We are of the opinion that the court's statement complained of, followed by the court's instruction to the jury to consider same only in regard to their separation and talking to others, was not reasonably calculated to injure the rights of the appellant. In Hickox v. State, 95 Texas Cr. R. 173, 253 S.W. 823, we said: "In his general instruction to the jury at the beginning of the trial, among other things, the learned trial court told them that they must remain together, that if they separated the defendant could reverse the case. This is set up as misconduct of the court. It appears that this occurred before any evidence was introduced. We do not think the statement should have been made but that it was not of that material character for which the case should be reversed." See also Green v. State, 155 Texas Cr. R. 441, 236 S.W. 2d 139.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.