ROBERT H. BRANNON V. STATE

No. 29,042. June 12, 1957.
Appellant's Motion for Rehearing Overruled
January 29, 1958.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) February 26, 1958.

*M. Gabriel Nahas, Jr.* and *J. E. Winfree, Sr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Dan Wolfe,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for negligent homicide of the second degree; the punishment, one year in jail.

The second count in the information alleged, the state's proof showed, and the jury found that the appellant while operating his automobile in excess of fifty miles per hour upon a public street and highway, to wit, the Gulf Freeway, within the corporate limits of the city of Houston, Texas, drove it into and collided with an automobile occupied by Walter Muetz and the impact thereof caused the death of the said Walter Muetz.

Proof was offered showing that the collision here in question occurred between Delano Street and Howard Drive on the Gulf Freeway within the corporate limits of the city of Houston, Texas, where under the city ordinance the maximum lawful speed was fifty miles per hour.

Appellant, testifying in his own behalf, stated that he had been taking medicine prescribed by a doctor for the purpose of reducing his weight; that he had driven his automobile on the afternoon in question but after stopping for a red light some distance from where the evidence shows the collision occurred he did not remember anything until he awoke in a hospital. The testimony of a doctor corroborated that of the appellant in that he had examined him and prescribed medicine which would cause him to reduce weight and his testimony further shows that if such medicine was not taken as directed it could cause appellant to black out.

The court charged the jury that if they believed that the appellant blacked out at the time in question due to taking certain prescribed medicine to find him not guilty.

The jury resolved the issues of fact against appellant, and we find the evidence sufficient to support their verdict.

By formal Bill of Exception No. 1 appellant complains of certain argument to the jury about a blood test by the state's attorney. The court certified in the bill that said argument was invited and provoked by appellant's counsel and was made in response to their argument. Appellant did not except to said qualification and is bound thereby. Hence no error is shown.

Appellant insists that the court erred in admitting evidence of the ordinance regulating the speed of automobiles on the Gulf Freeway because the only witness who testified about the ordi-

nance was a statistician in the office of the city secretary and not the custodian of the ordinance.

Anna Russell testified that she was employed as a statistician in the office of the city secretary, that she worked directly under the city secretary, that it was her duty to know about the records, and that she then had before her the city ordinance setting the speed limit from Howard Drive to Delano Street which read in part as follows: "from the center line of Howard Drive to the center line of Delano Street, the maximum speed limit is 50 miles per hour * * *."

The testimony of the witness Russell sufficiently identified said ordinance and authorized the admission of evidence relating to its provisions on the trial.

Appellant in his motion for new trial and his brief urges error on the ground that he did not give his consent to the taking of blood and urine specimens for the purpose of determining their alcoholic content, and that such specimens were illegally obtained from him. He also urges error on the ground that the state's attorney's questions on cross-examination of his character witnesses wherein he referred to the alcoholic content of the blood and urine specimens were not asked in good faith.

The record shows that such specimens were taken at the hospital shortly after the collision but they were not introduced in evidence and the results of any test that may have been made of them were not shown.

The record shows that after the witness Short had testified that appellant's general reputation for truth and veracity, for being a peaceful and law-abiding citizen, and for sobriety was good, the state's attorney on cross-examination asked him the following question: "Lt. Short, had you heard that the blood tests run on this defendant after the time of the collision, ran fourteen hundredths percent?" At such time the appellant stated: "Your Honor, now we object to this," and to which the trial judge replied: "Overruled." To said question the witness answered: "No, I hadn't."

As has been shown above the only objection which was interposed was a general one. The witness answered in the negative and no motion was made to withdraw the question or answer from the jury's consideration. We have concluded that under the record here presented this is not such a matter as calls for a

reversal. King v. State, 133 Texas Cr. Rep. 496, 113 S.W. 2d 181; Thompson v. State, 138 Texas Cr. Rep. 491, 136 S.W. 2d 840.

Similar questions were asked of other reputation witnesses and they answered that they had not heard of any such tests having been made. No objections were interposed to these questions, and they therefore cannot constitute grounds for reversal.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

DICE, Judge.

Appellant insists that the question propounded to Lt. Short by state's counsel on cross examination as to whether he had heard that the blood test run upon the appellant after the collision showed a certain per cent of alcohol constituted reversible error and that his general objection was sufficient because the question propounded could elicit only inadmissible testimony.

As stated in our original opinion, the record reflects that both the same and similar questions were propounded to other witnesses without objection and answered by the witnesses in the negative.

In view of such fact the question propounded to Lt. Short and the court's ruling thereon does not present reversible error. Dickens v. State, 121 Texas Cr. Rep. 298, 53 S.W. 2d 41, and Thompson v. State, 138 Texas Cr. Rep. 491, 136 S.W. 2d 840.

The motion for rehearing is overruled.

Opinion approved by the Court.