**Larry O. SMITH, alias Phillip Mystro,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40134.**

Court of Criminal Appeals of Texas.

April 12, 1967.

Rehearing Denied May 24, 1967.

Otis Scruggs, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and W. Louis White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 5 years.

Trial under the 1965, Vernon's Ann. Code of Criminal Procedure was before a jury on a plea of not guilty. The jury having found appellant guilty, and he having filed application before the trial began praying that the court or jury grant probation (Art. 42.12, subd. B, C.C.P.), requested that the jury which had found him guilty assess the punishment. (Art. 37.07 C.C.P.)

The sufficiency of the evidence to identify appellant and to show that he participated in the robbery is presented as ground for reversal.

Earl Routt, the party alleged to have been assaulted and robbed, testified that while walking home from work about mid-

night on the date alleged in the indictment, he was assaulted, beaten, kicked and robbed by three men. He positively identified appellant as the man who kicked his teeth loose and fractured his ribs before all three men fled with his wallet; his watch; a pencil holder and $31.00.

Appellant testified and offered testimony of fellow musicians to the effect that he was at McDaniel's Lounge singing with a dance band at the time, and was not and could not have been one of the men who committed the robbery. The state's evidence shows that McDaniel's Lounge was about two blocks from the scene of the robbery.

The issue of alibi was submitted to the jury and resolved against appellant.

We find the evidence sufficient to sustain the jury's verdict.

■ The remaining grounds of error relate to the admissibility of evidence at the trial or hearing at which it was offered.

Appellant's ground of error which relates to the hearing on the punishment to be assessed is that the trial court erred in permitting character witnesses called by the state to testify that they knew the defendant's reputation in the community in which he lived and among people with whom he associated as being a peaceful and law abiding citizen and that it was bad.

The testimony of character witnesses was admissible at the hearing on the proper punishment to be assessed under the express provisions of Art. 37.07, Sec. 2(b) of the 1965 Code of Criminal Procedure which reads, in part:

"Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character."

■ The ground of error which relates to the trial on the issue of guilt or in-

nocence is: "The Court erred in refusing to allow the defendant to establish by his own testimony that he had never been convicted of a felony in this state or any other state in his lifetime."

The testimony of the defendant excluded at the trial on the issue of guilt or innocence would have been admissible at the hearing on the question of the proper punishment to be assessed, under the above quoted provisions of Art. 37.07, Sec. 2(b) C.C.P. It was not admissible under such provisions of Art. 37.07, Sec. 2(b) above quoted at the trial where the only issue was the guilt or innocence of the defendant.

■ The rule which allows a witness (including the defendant, if he testifies) to be impeached by proof that he has been convicted of a felony, does not render admissible testimony that a witness who is not so impeached has never been convicted of a felony.

■ An accused may introduce evidence of his good character to show that it is improbable that he did the act charged. Hamman v. State, 166 Tex.Cr.R. 349, 314 S.W.2d 301; Jones v. State, 10 Tex.App. 552; McCormick & Ray's Texas Law of Evidence, Vol. 2, p. 332, Sec. 1492; 22A C.J.S. Criminal Law § 676, pp. 699–700.

It appears to be the settled law, however, that the good character of the accused may not be proved by testimony that he has never been previously charged with or convicted of a criminal offense. Perez v. State, 221 S.W.2d 915; Marberry v. State, 106 Tex.Cr.R. 474, 292 S.W. 1107; 23 Tex.Jur.2d 262, Sec. 171.

■ The inquiry as to character must be limited to the general reputation of the person in the community of his residence or where he is best known. Brownlee v. State, 13 Tex.App. 255; Watson v. State, 156 Tex.Cr.R. 585, 244 S.W.2d 515; 23 Tex.Jur.2d 260, Sec. 171.

■ We know of no rule of evidence which would allow a defendant to testify to facts which he would not be allowed to prove, if he could, by other evidence.

The rules stated apply alike to testimony of the defendant and the testimony of another witness in his behalf. The evidence which the trial court excluded at the trial on the issue of guilt was not admissible to show that the defendant's character was good.

Testimony that he had never been convicted of a felony was not only admissible but was proof required on the issue of the proper punishment to be assessed and whether the jury which had found him guilty would recommend probation.

■ The question we are called upon to decide is whether the filing of a motion for probation before the trial on a plea of not guilty begins renders inapplicable the rule which would allow the court to exclude such testimony until the hearing on the question of the proper punishment to be assessed and whether probation should be recommended.

If the defendant may testify at the trial where the only issue is his guilt or innocence that he has never been convicted of a felony, he may prove such fact at such trial by other evidence.

If the filing of a motion for probation authorizes such proof at such trial, it is admissible even though the defendant does not testify or does not upon return of a finding of guilty elect to have the same jury fix the punishment.

We hold that the excluded testimony, admissible on the issue of whether probation should be recommended, was subject to objection by the state when offered at the trial on the issue of guilt or innocence alone.

To hold otherwise would destroy the beneficial effect of the statute for a separate hearing on the issue of punishment, which of course includes probation.

■ It should be clearly understood that the question before us is not the probative value of evidence introduced at the trial on the issue of guilt or innocence, or whether evidence introduced at the trial on the issue of guilt may be considered by the jury in assessing the punishment. What we decide is that evidence admissible under Art. 37.07, Sec. 2(b), C.C.P. only on the question of punishment, when offered at the trial on the issue of guilt or innocence alone, may, upon objection, be excluded and not admitted until the hearing on the proper punishment to be assessed.

The judgment is affirmed.