HAZEL HOLT v. THE STATE.

No. 21743. Delivered March 25, 1942.
Rehearing Denied April 22, 1942.

The opinion states the case.

HAWKINS, Presiding Judge, dissenting.

*D. F. Sanders* and *J. A. Veillon*, both of Beaumont, for appellant.

*Melvin Combs*, District Attorney, and *Joe H. Tonahill*, Assistant District Attorney, both of Beaumont, and *Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of receiving and concealing stolen property, and was by the jury given a sentence of two years in the State prison.

She was indicted for receiving from one Bob Holt the sum of $2,420.00 in money, the said sum having been acquired by Bob Holt by means of theft, and of concealing same, knowing such to have been thus acquired. There were further counts in said indictment which were abandoned by the State and not submitted to the jury by the court in its charge. It is not necessary to go into the facts relative to the unlawful acquisition of this money from Mr. and Mrs. Goolsbee; they were uncontroverted, and in our opinion show a theft by false pretext of twenty thousand dollars from the Goolsbees.

The police of Houston, Harris County, were informed by the police of Beaumont that a certain theft had been committed by certain parties, among them being Bob Holt, and that they had obtained a large sum of money, and the Houston police were requested to arrest Bob Holt and anyone found with him.

Art. 2, Sec. 1542, of the city ordinances of the City of Houston was doubtless enacted under the statutory power given to cities under Art. 214, C. C. P., and under the power given in such ordinance, introduced in evidence, Bob Holt was arrested by the city police of Houston, and Hazel Holt, his wife, was also found in his company and was arrested and taken to jail. There she was searched by the jail matron, and on her person, concealed beneath her slip in a black bag, was found the sum of $2,000.00, consisting of two $500.00 bills and twenty $50.00 bills; there was also found fourteen $20.00 bills wrapped up in

a handkerchief in her fur coat, and five $20.00 bills in an identification case that was in her purse, the total amount found on appellant being, $2,400.00. The two $500.00 bills were identified by their numbers as being a part of the $20,000.00 lost by Mr. Goolsbee in the theft by false pretext transaction.

Bill of exceptions No. 1 complains of the arrest of appellant as unlawful under Art. 727-a, C. C. P., and that therefore the introduction of this testimony relative to the finding of this sum of money on appellant was not admissible. We think this arrest without warrant was justified not only by virtue of this ordinance enacted under the power granted by Art. 214, C. C. P., but also under authority of Art. 325, C. C. P., relative to preventing the consequences of theft.

Bill of exceptions No. 2, which complains of the introduction of testimony of like character as set forth in bill No. 1, from a different witness, is governed by the ruling on the above bill and is overruled.

Bill No. 3 complains of the introduction of a printed copy of the ordinances of the City of Houston, and the preamble ordinance thereto, on account of the fact that such city ordinances were not properly proven as such by the mere introduction of the preamble ordinance, and not introducible as such unless further proof thereof was made. This ordinance seems to follow the prerequisites laid down in the civil statutes, Art. 117a, Sec. 3, Vernon's Texas Statutes 1936, and under such grant of power we hold that, in order to establish the enactment of such an ordinance, it was not necessary to go beyond the codified printed record thereof as set forth in such codification, such section reading as follows:

"That upon the codification of said code of civil and criminal ordinances, such city is authorized to adopt such code by the enactment of an ordinance and upon the adoption thereof, the City Secretary shall record said code as adopted in the ordinance records of such city, and thereafter such record shall serve as a record of the ordinances so codified and it shall not be necessary in establishing the content of any particular ordinance so codified to go beyond said record."

It is also to be noted that after her arrest, and some days after this alleged theft, the witness Allen, a deputy sheriff, was at the home of appellant's mother, and while appellant was

also at such home. The witness did not go out there to arrest appellant, but only to advise with her mother. He told the mother that if there was any more of the Goolesbee money left in the house he would take it back. The mother, who was a friend of Allen's, told him that she had some of her own personal money there, and asked the witness to take the same and place it in the bank, which the witness afterwards did, sending the deposit slip to the mother of appellant, and about that time Hazel (appellant) spoke up and said:

"Mr. Allen, we haven't got any more of that money: Bob's cut was Three Grand in that Score, and I had Two Grand of it, and them cops took it off of me in Houston."

The witness then said: "When she said that Bob's cut was Three Grand, she meant Three Thousand Dollars. And the Score meant the Twenty Thousand Dollars."

As against appellant, this statement was admissible, and doubtless persuasive to the jury.

There are no further bills in the record. It is suggested, however, that a wife can not be guilty of receiving stolen property from her husband, and concealing the same. We are not cited to any authorities holding the same, and know of none such. It would be a peculiar doctrine to say that the husband could steal and place the fruits of his crime in his wife's possession, and that she would be immune from punishment for such reception and concealment. We are aware of the statute, Art. 78, P. C., that provides that a wife can not be an accessory to the crime of her husband, but appellant is not charged as such. She is charged with a substantive crime of her own and not as an accessory to her husband's offense.

We perceive no error in the record, and the judgment is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant filed motion for rehearing in this cause based principally on the contention that the court was in error in holding admissible the evidence obtained by reason of the search of appellant. This is based on the proposition that she was not lawfully arrested.

Nothing is presented which was not considered in the original opinion. This, we believe, sufficiently expresses the view of a majority of the court. Consequently, it is not considered necessary to write further.

The motion for rehearing is overruled.

HAWKINS, Judge, (dissenting).

My views were expressed in the Bob Holt case, No. 21744. (Page 62, of this volume). It is not necessary to write further.