ANASTACIO GONZALES v. THE STATE.

No. 23632. Delivered April 2, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of an assault with intent to murder with malice and his punishment was assessed at confinement in the state penitentiary for a term of 5 years.

There are no bills of exception in the record. However, appellant claims that he, in due time, objected to the court's charge relative to the subject of provoking the difficulty, but this objection is not certified by the trial court showing that it was made and presented to the court within the time required by law. The question as to the propriety of a charge upon provoking the difficulty is not before us. He, nevertheless, contends that the evidence is insufficient to sustain his conviction. In order to determine the question presented, we have carefully reviewed the record.

It appears therefrom that the appellant, his son, and Garcia, the injured party, were employed on a ranch; that on the day in question, they all came to the town of Encinal in a truck. Appellant parked his truck in front of Aldoco's Cafe. After attending to some business, they entered the cafe and beer parlor where a number of other Mexicans had assembled for the purpose of eating and drinking beer. Appellant didn't drink any

beer. Some time between 7:00 and 8:00 P. M. appellant urged his companions, including Garcia, the injured party, to finish their business, that he was ready to go back to the ranch. A verbal altercation ensued between appellant and Garcia. During this altercation, appellant referred to Garcia as a ball-sucker whereupon Garcia slapped appellant's face. When this occurred, Aldoco, the proprietor, escorted appellant to the rear of the cafe and put him out. He then came back and escorted Garcia to the front door, put him out and closed the door. About fifteen minutes later, two shots were fired on the outside which were heard by the people on the inside. An investigation by some of the parties led to the discovery of Garcia lying in the street about one hundred feet from the front of Aldoco's building seriously injured.

Garcia testified that when he was on the front porch of the cafe, he saw appellant standing to the side with a Winchester, from which point appellant shot him; that appellant then began a hasty retreat; that he pursued the appellant who shot him the second time; but he continued to pursue him until appellant fell and he, Garcia, fell on top of him. At this juncture, appellant's son appeared and endeavored to pull Garcia off his father; that in his attempt to do so, he cut Garcia with a knife, and appellant and his son then drove away in the truck.

Appellant took the witness stand and testified in his own behalf to the effect that after he had been evicted from the building, he went to his truck; that Garcia who was standing on the porch saw him standing by his truck; that when Garcia saw him, he advanced upon appellant with a knife whereupon he shot Garcia in self-defense and then retreated; that Garcia pursued him and he fired on him the second time but Garcia continued to advance on him; that while he was retreating, he fell to the ground and the injured party got on top of him with an open knife in his hand; that he caught Garcia's hand and held him so that he could not inflict any injury upon him.

We deem the evidence sufficient to sustain the conviction.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.