JAMES E. HERRIAGE v. STATE.

No. 26,235.   February 4, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) March 18, 1953.

J. R. *Hall,* Littlefield, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment against appellant contained three counts, each alleging the felony offense of driving a motor vehicle upon a public highway while intoxicated, following conviction for the misdemeanor offense of driving while intoxicated.

Count one alleged a prior conviction on January 9, 1951; count two, a prior conviction on October 16, 1950; and count three, a prior conviction on May 22, 1950, all in the county court of Lamb County. Each count charged the primary offense to have been committed in Lamb County on or about November 13, 1951.

Counts one and two were submitted to the jury and they returned a general verdict of guilty; assessed the punishment at one year in the penitentiary, and rejected appellant's application for a suspended sentence.

The evidence from the standpoint of the state shows that appellant was arrested while driving an automobile on the public highway. Witnesses for the state expressed the opinion that appellant was intoxicated, and the results of a test of his blood revealed that the alcoholic content was 2.9 milligrams of alcohol per cubic centimeter.

Testimony of the chemist and toxicologist was offered to the effect that it was generally accepted by experts in that field that a person having such amount of alcohol in his blood would necessarily be intoxicated, and such was his opinion.

The state's proof showed the prior convictions alleged in counts one and two, and appellant was identified as the defendant in those cases.

Evidence was offered by the state in an effort to show the previous conviction of May 22, 1950, alleged in the third count of the indictment, but the judgment was not admitted in evidence.

County Judge Otha F. Dent, after having identified the judgments in the prior convictions alleged in counts one and two, testified as to the other prior conviction on his direct examination as follows.

"Q. Now then, Judge Dent, did you render a Judgment in a Drunk Driving case against this Defendant previous to those you have already testified about? A. I did.

"Q. And is this the Information and Judgment in the previous case? A. Yes sir, it is.

"Q. And did he appear before you in person in that case, or by proxy? A. By power of attorney.

"Q. Is this the instrument?"

Appellant objected to the introduction of the judgment on the ground that it did not show "the number of the case the power of attorney applies to, and that the Judgment itself, on its face, states that the Defendant appeared in person." The court's ruling was that the objection would be sustained "until you prove up the execution of the instrument and that that was the only case pending against him at that time."

On cross-examination Judge Dent testified: ". . . the first time that I knew he ever run afoul of the law, was in the case that the Court accepted on the Plea of Guilty by Power of Attorney, and that was in the early part of 1950."

On re-direct examination this witness gave the following testimony:

"Q. You tried him three times for drunk driving, is that right? A. Twice he appeared before the Court. The first time he was—the Court tried him on a Plea of Guilty by Power of Attorney.

"Q. But you rendered three judgments? A. Yes sir.

"Q. But they were the same charges?"

At this point appellant objected to the reference to the third judgment because of the court's previous ruling and the objection was sustained.

There is no merit in appellant's exception to the remark of the district attorney to the effect that the matter of the third judgment was brought out on cross-examination. If error, a remark of the district attorney may not be presented by informal bill of exception shown in the statement of facts. See Art. 759a, Vernon's Ann. C.C.P.; Gasway v. State, 157 Tex. Cr. R. 647, 248 S.W. 2d 942.

Judge Dent also testified on re-direct:

"Q. You tried him—everytime you tried him it was for driving a motor vehicle while drunk on a public highway in Lamb County, Texas? A. Twice he appeared before the Court on that charge.
"Q. And once by Power of Attorney? A. Yes sir."

And on Re-cross examination:

"Q. Now, everyone of those this boy plead guilty? A. He did.
"Q. There was no trial by a jury, and he pleaded guilty and paid a fine, did he not?"

The foregoing testimony as to the prior convictions against appellant is relevant to appellant's bill of exception relating to the cross-examination of his character witness Eldon Parrish.

Parrish testified that appellant's general reputation as a peaceful and law abiding citizen, and for truth and veracity was good. On cross-examination by the district attorney he was asked: "If you knew that he had been convicted of driving while intoxicated three times in the last couple of years, would that change your testimony any?"

Appellant objected to the question and requested that a mistrial be ordered because of the asking of the question, which objection and motion were overruled and exception reserved.

In Pippen v. State, 126 Tex. Cr. R. 163, 70 S.W. 2d 598, we said:

"We think it was improper for the court to permit the district attorney, over appellant's objection, to ask appellant's character witnesses if they would have testified to his good character had they known or heard that he had committed the offense for which he was on trial."

And in many decisions, including Adams v. State, No. 26, 191, opinion delivered January 28, 1953, (page 306, this volume), and the cases therein cited, we have held it is not permissible to show on cross-examination of the character witness what he knows about specific acts of misconduct of the defendant, the inquiry being limited to whether or not the witness may have heard of such unlawful acts.

Under the facts here the asking of the question above quoted did not bring before the jury information concerning any previous conviction of appellant other than those alleged in the indictment, and about which the testimony heretofore mentioned was given. Also the witness answered that his testimony would not be changed because of such convictions.

We see no harm to appellant in the testimony objected to, and hold that the error is not one which calls for reversal of the conviction.

The trial court, in his charge on the suspended sentence law, instructed the jury that if they found appellant guilty and further found that he had not been previously convicted of a felony, *and assessed his punishment at confinement in the penitentiary,* they had the right to recommend that his sentence be suspended.

Appellant timely objected to this portion of the charge and reserved exception when his objection was overruled.

After the charge containing such instruction had been read to the jury and the county attorney had addressed the jury in opening argument, the trial judge rewrote his charge and read the corrected charge to the jury, wherein he instructed that if the jury found the defendant guilty and found that he had not been previously convicted of a felony, they in their discretion had the right to recommend that the sentence be suspended. The change eliminated from the charge the provision regarding the punishment assessed.

We held in Baker v. State, 137 Tex. Cr. R. 218, 129 S.W. 2d 317, that the suspended sentence law applied to punishment by fine or imprisonment in jail as well as confinement in the penitentiary if not more than five years, the offense being a felony. Under that holding the charge as originally written was erroneous. As rewritten the error was corrected.

Error is not shown in the trial court's action in correcting the charge after the state had argued. We hold that it is not error for the court to withdrawn the charge and substitute a correct one at any time prior to the retirement of the jury. See Holt v. State, 39 Tex. Cr. R. 282, 45 S.W. 1016.

Other exceptions are addressed to proof offered by the state in tracing the blood specimen to the laboratory of the Texas Department of Public Safety at Austin, and to the chemist and toxicologist who made the tests and gave testimony relating thereto. No error is found in the admission of this testimony, and we find the same sufficient to identify the sample of blood examined as that taken from appellant at the hospital upon his request.

The remaining informal bills have been examined and no error is found therein.

The evidence sustains the conviction and no reversible error appears.

The judgment is affirmed.