Charles E. AYERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 28067.

Court of Criminal Appeals of Texas.
Feb. 15, 1956.

Rehearing Denied March 28, 1956.

Ben G. Levy, Bernard A. Golding, Houston, for appellant.

Dan Walton, Dist. Atty., Eugene Brady, Thomas D. White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is for the possession of marihuana; the punishment, two years.

Appellant was found drunk in a Houston cafe by officers making a routine check. He was placed in a patrol car and taken to jail along with another unidentified person who was also arrested for drunkenness in a public place.

Upon being booked at the jail, appellant was turned over to Police Officer C. S. Price.

Officer Price testified that he searched appellant and found three objects in his watch pocket and a fourth in a pocket of his shirt, which he placed in an envelope and delivered to the arresting officers Smith and Ontavaros.

Ontavaros identified the envelope and the four objects which were given to him and which he initialed and dropped in a box in the identification bureau.

F. E. McDonald, chemist and toxicologist for the Houston Police Department, whose qualifications as an expert in his field were stipulated, testified that he unlocked the box, took the envelope and contents therefrom and made an analysis of the four cigarettes he found therein. He identified the cigarettes by his initials which he placed on each at the time, and testified without objection that the cigarettes contained marihuana.

The witness McDonald further testified that he found in the cigarettes "the ground up leaves and seeds and seed covering, flowering tops of the marihuana plant which contain Dihydro Cannabinol, the active ingredient of the marihuana plant."

In view of this testimony it appears to us to be immaterial whether or not other parts of the marihuana plant may also have been present in the cigarettes.

■ The record contains what purports to be objections to the court's charge and special charges requested by appellant.

These complaints as to the charge cannot be considered. It is not shown that the objections and requested charges were submitted to the trial court before the main charge was read to the jury and no exception was reserved to the overruling of the objections or the refusal of the requested charges.

■ Complaint is made of the cross-examination of a witness who testified to appellant's good reputation as a peaceful and law-abiding citizen, the questions propounded by the assistant district attorney and answered in the negative, being:

"Had you heard that in November 21st, 1952, in New York City he was charged with the burglary of a store?" And "As part of this reputation then had you also heard that on June 9th, 1954, here in Houston he was arrested on a charge of forging a U. S. Government check?"

The rule regarding such cross-examination of a character witness is aptly stated in Wiley v. State, 153 Tex.Cr.R. 370, 220 S.W.2d 172, 174, as follows:

"Witnesses attesting the good reputation of an accused may, as affecting the weight, credibility, and sincerity of their testimony, be asked upon cross-examination as to whether they had heard of acts of the accused inconsistent with that reputation. * * * Such, however, is as far as the State is permitted to go in such matters, for it is expressly prohibited from conducting the cross-examination or framing the interrogatories so as to show specific acts of misconduct on the part of the accused or that he has, in fact, been guilty of such acts."

See also Adams v. State, 158 Tex.Cr.R. 306, 255 S.W.2d 513; Herriage v. State, 158 Tex.Cr.R. 362, 255 S.W.2d 516; Watson v. State, 156 Tex.Cr.R. 585, 244 S.W. 2d 515.

The judgment is affirmed.

On Motion for Rehearing

MORRISON, Presiding Judge.

■ Appellant urges that we were in error in not considering his objections and exceptions to the court's charge, which he says in his motion were timely presented to the court. No formal bill of exception appears raising this question. Appellant must then rely upon his "objections and exceptions" to the charge. Several pages of objections signed by appellant's counsel appear in the transcript, with the notation that they were overruled "except as given in the ammended charge." This notation contains no certificate by the trial court

that the same were presented to him before the charge was read to the jury. Such certificate is requisite. Gonzales v. State, 150 Tex.Cr.R. 329, 200 S.W.2d 827.

The charge as it was written before the amendments does not appear in the transcript and therefore we have no way of knowing in what manner it was corrected or amended in the final draft that was read to the jury.

■ Certain further objections and requested charges appear in the transcript which show to have been filed in the court two days after the verdict of the jury. They cannot be considered.

Remaining convinced that we disposed of this cause properly, the motion for rehearing is overruled.