EARL EDWARD KING V. STATE

No. 29,573. March 5, 1958.

Appellant's Motion for Rehearing Overruled April 16, 1958.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) May 7, 1958.

*Woody & Showers,* by *Clyde W. Woody,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of a barbiturate; the punishment, 60 days in jail and a fine of $100.00.

The state's testimony shows that appellant was arrested by two Jacinto City Police Officers for being drunk in a public place. The arrest was around midnight at the Community Hospital in Jacinto City and in Harris County, Texas. Upon his arrest appellant was searched by the officers at the hospital for

dangerous weapons and then taken to the police station where he was again searched by Chief of Police Scarborough before being placed in jail. In the search at the police station a red capsule was found on appellant's person in his watch pocket, the contents of which, upon being examined by Chemist McDonald of the Houston Police Department, was found to contain a derivative of barbiturate acid.

Appellant did not testify or offer any evidence in his behalf.

Appellant first complains of the action of the court in overruling his motion to quash the information.

Appellant moved to quash the information on the ground that the alleged offense was not set forth with sufficient particularity as to enable him to prepare his defense in that it did not apprise him as to how the barbiturate was possessed and in what manner the possession was contrary to law.

In charging the offense the information alleged, in substance, that on the date and in the county named the appellant "did then and there unlawfully possess barbiturates."

Recently in Cortez v. State, 165 Texas Cr. Rep. 320, 306 S.W. 2d 713, we held a similar allegation sufficient to charge an offense under Art. 726c, V.A.P.C.

Under the provisions of Art. 726c, Sec. 3(a)1(e), supra, the possession of a barbiturate by any person is unlawful unless obtained under the provisions of certain other sections of the act, and it is provided that any other possession shall be prima facie evidence of illegal possession. It is not necessary, in a complaint, information or indictment charging an offense under the statute, to negative any of the exceptions or exemptions contained in the act. Browning v. State, 161 Texas Cr. Rep. 276, 276 S.W. 2d 522, certiorari denied 75 Sup. Ct. 531, 346 U.S. 971, 99 L. Ed. 756.

Appellant further urged as a ground for his motion to quash that Art. 726c, supra, the statute under which the information was drawn, was invalid.

Appellant insists that the statute is invalid for the reason that it is too indefinite to describe and define an offense and for the further reason that it attempts to legislate over a variety of

subjects contrary to the provisions of Art. 3, Sec. 35, Vernon's Ann. Constitution of Texas.

A careful reading of the statute leads us to the conclusion that it is not subject to the objection of indefinitness as urged by appellant.

Sec. 2(a) of the statute defines a barbiturate and Sec. 3 thereof makes certain acts pertaining thereto unlawful. Sec. 3(2) (e) makes unlawful the possession of a barbiturate by any person unless such person obtained the drug under the specific provisions of other sections of the act.

Such provisions of the statute are sufficient to define the offense with which appellant was charged.

We overrule appellant's contention that Art. 726c, supra, violates the provisions of Art. 3, Sec. 35 of the Constitution, which provides that no bill, except general appropriation bills, shall contain more than one subject, which shall be expressed in its title.

Art. 726c, supra, was enacted by the 52nd Legislature in 1951, S.B. 295, Ch. 413, p. 758, Acts 52 Leg. Regular Session for the purpose, as declared in the Act, of regulating and controlling the handling, sale and distribution of barbiturates as therein defined.

The provisions of the statute relate to this general subject and purpose of the act, which is sufficient compliance with the Constitutional provision. 39 Texas Jur. par. 40, pages 85 and 86.

The fact that there are various types of compounds prepared which contain barbituric acid does not render the statute, which regulates and controls barbiturates in this state, subject to the objection that it was legislation upon more than one subject.

Appellant insists that the search of his person was illegal because not contemporaneous with a legal arrest and therefore the court erred in admitting evidence over his objection of the search and of the fruits thereof. With such contention we do not agree. The two arresting officers testified that appellant was intoxicated at the hospital on the occasion of his arrest. Appellant's intoxication in a public place authorized his arrest without a warrant. Rent v. State, 160 Texas Cr. Rep. 326, 268 S.W. 2d 674 and Mays v. State, 165 Texas Cr. Rep. 123, 304 S.W. 2d 118.

Appellant's arrest being lawful, the incidental search of his person at the jail was lawful. Rent v. State, supra, and Ringo v. State, 161 Texas Cr. Rep. 93, 275 S.W. 2d 121.

Appellant complains of the court's charge and of the court's action in overruling his objections thereto. The record contains certain objections filed by appellant to the charge with the court's notation "refused" thereon; however, it is not shown that appellant reserved an exception to the court's ruling. In the absence of an exception to the court's ruling, the complaints to the charge are not properly presented for review. Eldridge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734; Ayres v. State, 162 Texas Cr. Rep. 586, 288 S.W. 2d 511 and Ritchie v. State, 164 Texas Cr. Rep. 38, 296 S.W. 2d 551.

By Bill of Exception No. 1 appellant complains of the court's refusal to instruct the jury not to consider certain argument of state's counsel and declare a mistrial.

The argument to which appellant objected, as shown in the bill, was as follows:

"This is our charge, that a watch pocket is not a proper container for a barbiturate. I submit that this man is a cancer on our society, slowing eating away at the moral fiber of our society * * *"

Appellant made a blanket objection to such argument on the ground that it was not a reasonable deduction from the evidence.

That portion of the argument, "This is our charge, that a watch pocket is not a proper container for a barbiturate," was clearly legitimate argument to the jury under the evidence and the court's charge.

Appellant's blanket objection to the entire remark of state's counsel, a portion of which was clearly proper, was insufficient. Appellant should have distinctly pointed out the objectionable portion of the argument and addressed his objection thereto. No reversible error is presented by the bill. Andrews v. State, 150 Texas Cr. Rep. 95, 199 S.W. 2d 510; Watkins v. State, 153 Texas Cr. Rep. 559, 223 S.W. 2d 24; Robinson v. State, 156 Texas Cr. Rep. 6, 238 S.W. 2d 193 and Wilson v. State, 161 Texas Cr. Rep. 152, 289 S.W. 2d 597.

We find the evidence sufficient to support the conviction

and overrule appellant's contention that the state failed to establish the corpus delicti.

The evidence clearly shows that a capsule was taken from the appellant's possession by Police Chief Scarborough. The testimony of Chief Scarborough and other witnesses sufficiently shows the chain of custody of the capsule from the time it was taken from appellant and later removed from the locked box at the police station in a sealed envelope by Chemist McDonald, who examined the contents thereof and determined that it contained a derivative of barbituric acid.

We also overrule the appellant's contention that the state failed to prove venue and that the court erred in overruling his motion for instructed verdict for such reason. While there is no testimony that the place where appellant was searched at the police station was in Harris County the testimony does show that the Community Hospital where he was arrested in Jacinto City was in Harris County. Such proof was sufficient to warrant the jury in concluding that appellant possessed the barbiturate in Harris County. Venue need not be proved beyond a reasonable doubt and may be proved by circumstantial as well as direct evidence. It is sufficient, if, from the evidence, the jury may reasonably conclude that the offense was committed in the county alleged. See note 4 under Art. 210, V.A.C.C.P., relating to proof of venue and the many cases there cited.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Among other contentions which we do not deem necessary to discuss, the appellant urges that incorporated within his objections and exceptions were requested charges and that this court was in error in Eldridge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734, Ayers v. State, 162 Texas Cr. Rep. 586, 288 S.W. 2d 511 and Ritchie v. State, 164 Texas Cr. Rep. 38, 296 S.W. 2d 551, cited in our original opinion, wherein we held that an exception must be reserved to the refusal of the trial court to grant requested charges as a prerequisite to raising the matter in this court in the absence of a formal bill of exception.

We have again reviewed his objections and exceptions to the charge and have concluded that the instruments relied upon do not constitute requested charges within the meaning of Article 659, V.A.C.C.P., and therefore their consideration as such is not before us. We reserve a reappraisal of the cases cited in the light of the 1953 amendment to Article 659, V.A.C.C.P., until such question is directly before us.

Appellant's motion for rehearing is overruled.