Grady JOHNSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 38692.

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Rehearing Denied Jan. 19, 1966.

Donald W. Cantwell, Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Malcolm Dade and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the unlawful possession of marihuana; the punishment, fifteen years.

The state's evidence shows that on the night in question Officers Bliss and Williams saw the appellant walking on a public road in the city of Dallas. When they observed that he was "staggering and wobbling around," they stopped the patrol car and went to him. After engaging appellant in conversation, in which he spoke in a "confused and slurred" manner, the officers formed the opinion that he was intoxicated and placed him under arrest. They then searched him and found some unsigned checks in his pocket which had been stamped with a check protector. Appellant was then carried to the city hall and, after being taken to the burglary, theft, and forgery sections, was taken to the jail on the fourth floor and turned over to the jail guard. Before assigning him to a cell, the guard proceeded to search appellant and, in the search, found a small cigarette in his watch pocket. After the guard, Hollman, laid the cigarette on the counter, appellant grabbed it and put it in his mouth. Hollman then seized appellant's arms and Officers Bliss and Williams came to his aid. In the struggle with the officers and as Officer Williams choked appellant with both hands, the cigarette fell from his mouth to the floor.

Officer Williams then took possession of the cigarette, placed it in an envelope with markings of identification thereon, and delivered it to the identification bureau for analysis.

An examination of the vegetable material in the cigarette by Dr. Morton F. Mason, director the Dallas city-county criminal investigation laboratory, showed that it was marihuana.

As a witness in his own behalf, appellant testified that on the night in question he was wearing his brother's trousers and did not know about the marihuana cigarette until the officer took it out of the watch pocket. He admitted trying to swallow the cigarette in an effort to dispose of it.

We find the evidence sufficient to sustain the conviction and overrule the contention that the evidence was obtained against the appellant as the result of an unlawful arrest and illegal search and seizure.

Appellant's arrest without a warrant for being drunk in a public place was authorized. Rent v. State, 160 Tex.Cr.R. 326, 268 S.W.2d 674; Aaron v. State, 163 Tex.Cr.R. 635, 296 S.W.2d 264; Brunson v. State, 168 Tex.Cr.R. 113, 323 S.W.2d 597.

The arrest being lawful, the search of appellant's person at the jail by the guard was lawful. Broussard v. State, 166 Tex.Cr.R. 224, 312 S.W.2d 664.

We do not agree that because of the force exerted by the officers upon appellant to recover the cigarette it was illegally obtained. The cigarette had been lawfully seized by the jail guard in the search of appellant's person before any force was exerted by the officers, and the force used by them was to prevent appellant from destroying or secreting the contraband. See: Espinoza v. United States, 5 Cir., 278 F.2d 802, certiorari denied 364 U.S. 827, 81 S.Ct. 65, 5 L.Ed.2d 55.

Rochin v. People of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183, under the facts, has no application to the case at bar,

because in that case the officers illegally entered the apartment of the accused and carried him to a hospital, where a doctor forced an emetic solution through a tube into accused's mouth, against his will, resulting in recovery of two capsules which he had swallowed.

■ We overrule appellant's contention that the evidence fails to show that the substance examined by Dr. Mason was the substance taken from him. Appellant did not object to Dr. Mason's testimony on this ground. The testimony of Officers Williams, Day, and Alexander shows the chain of custody of the cigarette obtained from appellant and that it was the one examined by Dr. Mason.

The judgment is affirmed.

Opinion approved by the Court.