Charles Edward TAWATER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 39733.

Court of Criminal Appeals of Texas.

Oct. 5, 1966.

Rehearing Denied Nov. 23, 1966.

Ogg, Merrill & Turner, by Joe E. Turner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James I. Smith, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The offense is felony theft; the punishment, enhanced under Art. 63, Vernon's Ann.P.C. by reason of two prior convictions for felonies less than capital, life imprisonment.

Appellant was employed by the prosecuting witness as a handyman and lived on the premises in a trailer house. In his employment appellant was furnished a truck and some cooking utensils.

The prosecuting witness, who was a railroad engineer, left home on a Sunday night and returned the following Friday. Upon his return he noticed that his truck was gone and certain property was missing from his house. Appellant had moved out of the trailer and everything was gone from inside.

The prosecuting witness, after receiving information as to appellant's whereabouts,

called the police and accompanied them to a motel, where the officers knocked at a certain cabin. Appellant came to the door and invited them in, saying: " 'I know what you all want,' " and that he had the "stuff." The officers then entered the cabin and appellant stated that he had certain property belonging to the prosecuting witness which he had taken from his house, and pointed it out to them. The property consisted of a television set found behind a bed, two rifles found in the bathroom, and an electric skillet. He also stated that he had taken two other television sets, which he had pawned. These two sets were later located at two pawn shops.

After the missing property was found in the cabin, appellant was taken into custody and searched by the officers. In the search a set of keys was found on his person. Appellant identified the keys as belonging to the missing truck and stated that he had abandoned the truck under a highway bridge. The following day the truck was found in storage, having been picked up from under the bridge by a constable.

It was shown by the prosecuting witness's testimony that the property was taken without his permission or consent and that it had a value of over $50.

Proof was made of the two prior convictions of appellant alleged in the indictment for enhancement, the first conviction being for the offense of felony theft and the second conviction being for the offense of embezzlement.

Appellant did not testify or offer any evidence in his behalf.

Appellant predicates his appeal upon one point of error, which, as stated in his brief, is "that he has been denied the right to *effective* assistance of counsel secured by the sixth amendment to the United States Constitution as applied to the states through the fourteenth amendment."

Such contention was urged by appellant in a twenty-six-page motion for new trial prepared by him, which, although not shown to have been filed in the cause, was heard by the trial judge and overruled.

In the motion, appellant alleged that he was convicted upon illegally-obtained evidence and that his court-appointed counsel acted incompetently in presenting his defense, particularly in failing to have witnesses subpoenaed and in failing to file a motion for continuance, which he requested him to do.

At the hearing on the motion it was shown that appellant was represented at the trial by court-appointed counsel, who was licensed to practice law in the year 1962 and a member, in good standing, of the Texas Bar. He testified that he had represented between fifty and a hundred defendants in felony cases, at least fifteen of which were contested. Approximately six were habitual-criminal cases, some of which resulted in acquittals and one reduced to a misdemeanor conviction. He swore that after his appointment he conferred with appellant on two occasions concerning the merits of the charge and that he recommended that " * * * we attempt to work out a plea." He stated that this was not accomplished and in further talking to appellant it became apparent that his defense was based upon the contention of an illegal search and seizure. With this information he proceeded to research the questions of law pertaining to search and seizure as would be applicable to the case. He swore that appellant stated he had no witnesses but did give him the name of the motel manager whom he did not subpoena after ascertaining that she was not present at the time of the search. He further stated that he felt that appellant's defense had very little merit and that appellant gave him no legal grounds for a continuance that could have been in good faith presented to the court.

**124**

Appellant testified at the hearing that in consultation he explained to said attorney that his main defense would be "an illegal arrest" and that he furnished the attorney with a list of witnesses to be subpoenaed and requested that a motion for continuance be filed because more time was needed to prepare his defense.

The record reflects that appellant has been represented by three court-appointed counsel since the original indictment was returned against him.

Recently, in Fletcher v. State, 396 S.W. 2d 393, this court held that the constitutional right to counsel does not mean errorless counsel.

In the instant case, appellant's court-appointed counsel made various objections to testimony at the trial and raised as a defense appellant's claim that the evidence presented against him was illegally obtained. The record does not sustain such contention.

All of the statements made by appellant leading to the recovery of the stolen property, except the truck, appear to have been voluntarily made before he was taken into custody. His statement made at the time of his arrest which led to the recovery of the stolen truck was admissible as an oral confession, under the provisions of Art. 727, Vernon's Ann.C.C.P., in force at the time of the trial and conviction. Appellant's arrest without a warrant, when he was found in possession of the stolen property, was lawful. Art. 325, V.A.C.C.P., now Art. 18.22 of the 1965 Code; Ringo v. State, 161 Tex.Cr.R. 93, 275 S.W.2d 121.

Appellant's claim that he has been denied the effective assistance of counsel is overruled.

The evidence is amply sufficient to sustain the conviction.

The judgment is affirmed.

Opinion approved by the Court.