**Royal Gene CHAMBLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40415.**

Court of Criminal Appeals of Texas.

June 7, 1967.

Howard O. Lake, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, M. R. Dimmitt, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Burglary with Intent to Commit Theft; the punishment, enhanced by two prior convictions for felonies less than capital, life. It is observed that the indictment alleged three prior non-capital felony convictions for enhancement, and the defendant personally stipulated as to such prior convictions, but the sentence imposed refers only to two such convictions.

In his first ground of error, appellant contends that the trial court erred in failing to grant his motion to suppress, and in subsequently admitting into evidence before the jury, over his objection, the fruits of an illegal search incident to his unlawful and warrantless arrest.

The record reveals that at approximately 2 A.M. on August 9, 1965, Houston Police Officer R. D. Contreras and his partner received a call from the dispatcher to investigate a call regarding two suspicious persons in the 1000 block of Congress Street in Houston. Just as they arrived at that otherwise deserted location, they saw appellant and another man go around the corner onto the 300 block of Fannin Street "hurrying" and "staggering" and carrying paper bags. A voice from a nearby hotel yelled to officers, "There they go around the corner." As the officers approached the two men on Fannin Street, Officer Contreras noticed that appellant and his companion could not seem to stand in one place; that their speech was slurred and they mumbled when they talked; that there was a strong odor of alcohol on appellant's breath; that based on his observation and his experience as a police officer with drunks, Contreras concluded that appellant and his companion were intoxicated. The two men were then arrested.

Upon the search for weapons following the arrest, appellant was found in possession of thirty-seven packages of assorted cigarettes, six or seven bottles of Jax beer, and $18.00 or $19.00 dollars in coins. The search also revealed a screwdriver, a broken file and small knife upon the appellant's person.

Upon attempting to locate the person in the hotel who had called out to them, the officers observed across the street from the hotel the open front door of the Texas Lounge at 1009 Congress Street,

although the place was not lighted or open for business.

Further investigation disclosed that the front door had been broken open and from the markings thereon that a file had been used. A broken piece of a file found inside the business establishment matched the broken file found in appellant's possession. It was determined that a cigarette machine inside the lounge had been broken open and cigarettes and coins taken therefrom, and that some Jax beer had been removed from the premises.

Francis Hundal, owner of the Texas Lounge, testified he closed and locked his business at 12:15 A.M.; that neither the front door or cigarette machine were broken at that time; that he was acquainted with appellant but did not give him or anyone else permission to break and enter his premises.

The State introduced into evidence the City of Houston's Suspicious Persons Ordinance.

Appellant did not testify or offer any evidence in his behalf.

■ The right of a peace officer to make a warrantless arrest of one found to be intoxicated in a public place is well recognized in this State. Johnson v. State, Tex.Cr.App., 397 S.W.2d 441; Brunson v. State, 168 Tex.Cr.R. 113, 323 S.W.2d 597; King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501; Aaron v. State, 163 Tex.Cr.R. 635, 296 S.W.2d 264; Rent v. State, 160 Tex.Cr.R. 326, 268 S.W.2d 675; Cook v. State, 155 Tex.Cr.R. 580, 238 S.W.2d 200. See also McEathron v. State, 163 Tex.Cr.R. 619, 294 S.W.2d 822.

■ Further under the circumstances of the instant case, the arrest would have also been lawful on the basis of the City of Houston's Suspicious Persons Ordinance enacted pursuant to Article 214, C.C.P. (1925), then in effect, now Article 14.03, Vernon's Ann.C.C.P.

■ Under the record, appellant's arrest without a warrant being lawful, the incidental search of appellant's person was clearly authorized. Hardin v. State, 387 S.W.2d 60. Therefore, the trial court did not err in overruling the motion to suppress, and in admitting evidence of the search and seizure.

■ While the appellant's conversation with the arresting officers was not admitted, appellant further contends that the fruits of the search and evidence of what was subsequently discovered at the Texas Lounge were rendered inadmissible because the appellant was not given, at the time of his arrest, the warnings required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. We do not deem Miranda applicable to the situation here presented. We further observe that Miranda is applicable to trials commencing after June 13, 1966. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The trial of the case at bar commenced on March 3, 1966.

Appellant's second ground of error is overruled.

The judgment is affirmed.