Opinion issued October 23, 2003.

















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00556-CR




RICHARD MENDIOLA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 40623




M E M O R A N D U M O P I N I O N 

          Appellant was charged with indecency with a child by contact. The indictment
contained an enhancement paragraph that alleged a prior felony conviction of
aggravated sexual assault of a child. The jury found appellant guilty. Appellant pled
true to the enhancement paragraph, and the trial court assessed punishment at life
imprisonment. We affirm.
          In five points of error, appellant claims that (1) the State failed to prove that the
offense occurred on or about January 29, 2001, or that the offense occurred in
Brazoria County, Texas as alleged in the indictment; (2) the evidence was legally and
factually insufficient to support appellant’s conviction; and (3) appellant was denied
a fair trial due to prosecutorial misconduct.
Date of Offense
          In his first point of error, appellant contends that the State failed to prove that
the offense occurred on or about January 29, 2001, as alleged in the indictment. 
Appellant contends that none of the witnesses called by the State testified as to the
date of the offense as alleged in the indictment, and that the State’s reliance on Article
12.01 of the Texas Code of Criminal Procedure, which allows for presentment of an
indictment within ten years from the eighteenth birthday of a victim of the offense of
indecency with a child is misplaced. The State argues that appellant failed to
preserve error, because, at no point during his trial did he object to the State’s alleged
failure to prove the date of the offense. Alternatively, the State argues that it proved
the approximate date of the offense, and directs us to testimony in the record
substantiating its contention.
Waiver
          On May 23, 2001, appellant was indicted for the offense of indecency with a
child by contact. The indictment alleged that appellant committed the offense “on or
about the 29TH day of JANUARY, 2001, and before the presentment of this
indictment . . .” (emphasis in original). An indictment serves two purposes. First, it
provides the defendant with notice of the offense alleged in order to allow him to
prepare a defense. Cook v. State, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995);
Saathoff v. State, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994). Second, an
indictment serves to confer jurisdiction on the trial court. Cook, 902 S.W.2d at 475-76; Labelle v. State, 720 S.W.2d 101, 106 (Tex. Crim. App. 1986).
          It is well settled that the “on or about” language of an indictment allows the
State to prove that the alleged offense took place on a date other than the date alleged
in the indictment as long as that date is anterior to the presentment of the indictment
and within the statutory limitation period. Sledge v. State, 953 S.W.2d 253, 255-56
(Tex. Crim. App. 1997). See also Thomas v. State, 753 S.W.2d 688, 693 (Tex. Crim.
App. 1988) ("[w]here an indictment alleges that some relevant event transpired on or
about a particular date, the accused is put on notice to prepare for proof that the event
happened at any time within the statutory period of limitations."); Scoggan v. State,
799 S.W.2d 679, 680 n. 3 (Tex. Crim. App. 1990).
          The State argues that appellant’s claim that the State failed to prove that the
offense occurred on or about January 29, 2001 is essentially a claim that the State
failed to show that it was not precluded from prosecuting appellant by the statute of
limitations. In Proctor v. State, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998), the
Court of Criminal Appeals held that a criminal defendant’s ability to use the defense
provided by the statute of limitations is forfeited if not raised at or before the
guilt/innocence phase of trial. The Fort Worth Court of Appeals held that “because
the State does not have the burden of disproving a defense the defendant did not
bother to raise, appellant waived any error regarding the State's proof and the statute
of limitations.” Johnson v. State, 977 S.W.2d 725, 727 (Tex. App.—Fort Worth
1998, pet. ref’d.) (citing Proctor, 967 S.W.2d at 844-45).
          We hold that by failing to raise the contention in the trial court that the State
failed to prove the offense occurred on or about January 29, 2001, appellant waived
any error regarding the State’s proof. We overrule appellant’s first point of error.
Venue
          In his second point of error, appellant contends that the State failed to prove
that the offense occurred in Brazoria County, Texas, and therefore, failed to prove
venue.
          Venue need only be proved by a preponderance of the evidence, and may be
established by circumstantial evidence as well as direct evidence. Tex. Code Crim.
Proc. Ann. art. 13.17 (Vernon 1977) (proof of venue need be by preponderance of
the evidence); King v. State, 312 S.W.2d 501, 505 (Tex. Crim. App. 1958) (proof of
venue by circumstantial evidence sufficient); Gill v. State, 646 S.W.2d 532, 533
(Tex. App.—Houston [1st Dist.] 1982, no writ) (proof of venue by circumstantial
evidence sufficient). Proof of venue is sufficient if the jury may reasonably conclude
from the evidence presented that the offense was committed in the county alleged. 
See King, 312 S.W.2d at 505. 
          At trial, April Garcia testified that she resided for approximately one month at
the home of Sylvia Santos. She testified that while residing at Sylvia’s home, she
witnessed appellant pinch the complainant on the breast. Diana Garcia testified that
Sylvia’s home is located in Brazoria County, Texas. We conclude that the State
presented sufficient evidence to allow the jury to reasonably conclude that the offense
was committed in Brazoria County, Texas. King, 312 S.W.2d at 505. We overrule
appellant’s second point of error.
Legal Insufficiency
          In his third point of error, appellant contends that the evidence was legally
insufficient to support his conviction. Specifically, appellant contends as follows:
in light of the evidence presented by the State’s witnesses, as stated in
issues number one and number two above, The [sic] State failed to
produce that quantum evidence [sic] that could reasonably support a
finding of guilt beyond a reasonable doubt.
Appellant’s third point of error is essentially a restatement of his first two points. 
Furthermore, his argument simply recites general principles of constitutional law, and
fails to conform with Tex. R. App. P. 38.1(h) (brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
record). Because appellant’s first two points of error are without merit, and
determined them to be without merit, and because appellant’s third point of error fails
to conform with Rule 38.1(h), we overrule appellant’s third point of error. Tex. R.
App. P. 38.1(h); Modden v. State, 721 S.W.2d 859, 863 (Tex. Crim. App. 1986).
Factual Insufficiency
          In his fourth point of error, appellant contends that the evidence was factually
insufficient to support his conviction. 
Standard of Review
          In conducting a factual sufficiency review of the elements of a criminal
offense, we ask whether a neutral review of all the evidence, both for and against the
jury’s finding, demonstrates that the proof of guilt is so obviously weak as to
undermine our confidence in the determination, or whether the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Although we are authorized to
disagree with the determination made by the fact finder, we must employ appropriate
deference to prevent ourselves from substituting our own judgment for that of the fact
finder. Id. Our review should not substantially intrude on the fact finder’s role as the
“ sole judge of the weight and credibility of witness testimony.” Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996).
The Charged Offense
          The State alleged that appellant intentionally and knowingly engaged in sexual
conduct with the complainant, a child not his spouse and younger than seventeen
years of age, by touching her on her breast. Section 21.11 of the Texas Penal Code
defines the offense of indecency with a child, and provides in pertinent part:
(a) A person commits an offense if, with a child younger than 17 years
and not the person’s spouse, whether the child is of the same or opposite
sex, the person:
(1) engages in sexual contact with the child or causes the child to engage
in sexual contact; 
***
(c) In this section, “sexual contact” means the following acts, if
committed with the intent to arouse or gratify the sexual desire of any person:
(1) any touching by a person, including touching through clothing, of
the anus, breast, or any part of the genitals of a child.
 
Tex. Pen. Code Ann. § 21.11 (Vernon 2003).
The Evidence at Trial
          Diana Garcia, the State’s outcry witness and the complainant’s aunt, testified
that the complainant was not appellant’s spouse, and that the home of Sylvia Santos
is located in Brazoria County, Texas. She testified that the complainant informed her
that appellant had, while lying beside the complainant, taken her hand, and attempted
to make her “touch his middle part, but she cried.”


 On another occasion, appellant
instructed the complainant to put his socks on his feet. The complainant informed
Diana Garcia that appellant was wearing boxer shorts at the time, and that appellant
“had boxers on so he could see - - she could see the - - his penis, you know. And she
turned away, and he - - he looked at her and he goes, ‘You know you liked it.’” She
also testified that the complainant informed her that appellant “would grab her butt
and kiss her.”
          April Garcia testified that she saw appellant pinch the complainant on her
breast. She testified that this incident occurred at the home of Sylvia Santos.
          Kristan Garcia testified that she witnessed appellant touch the complainant on
her breast.
          The complainant testified that she was ten years old when appellant touched
her on her breast, and that she was eleven years old when she testified at trial on May
21, 2002. Her testimony revealed that appellant had a history of touching her in an
inappropriate way. On one occasion, while lying beside appellant, he unzipped his
pants, grabbed her arm, whispered “don’t tell anybody,” and pulled her hand toward
his “private part.” On another occasion, appellant instructed her to put on his socks. 
She testified that appellant was wearing a t-shirt and boxer shorts at the time, and,
when she looked up, she saw appellant’s “private part.” She testified that she felt sick
and disgusted, and quickly looked away. Appellant laughed at her reaction, and
stated “I know you saw that.” On another occasion, appellant requested that the
complainant hug him, and she complied with his request. Appellant initially placed
his hands on her back. She testified that “then they had moved down - - he had
moved down low and they were on my bottom then. So he just left them there.” 
Finally, regarding the incident giving rise to appellant’s conviction, the complainant
testified that she was walking through a hallway, and appellant pinched her on her
breast. She testified that she was wearing a shirt, but was not wearing a bra, and
appellant told her to “[g]o put on a bra” and “[y]ou’re going to poke somebody’s eye
out with that.” The complainant also testified that appellant repeatedly asked her
whether she loved him, and also regularly requested that she hug and kiss him.
          Cynthia Moore, a clinical psychologist, testified that appellant’s repeated
requests for hugs and kisses and questions regarding whether the complainant loved
him were consistent with “grooming” the complainant for later sexual contact. 
According to Moore, the purpose of grooming is to gratify an individual’s sexual
desires. Moore testified that the complainant exhibited symptoms consistent with
children who have suffered sexual abuse, and that based upon the information
gathered during her therapy sessions with the complainant, she concluded that
appellant received sexual gratification from his behavior.
          Appellant contends that the evidence is factually insufficient to prove the
incident occurred on or about January 29, 2001, and that the offense occurred in
Brazoria County, Texas. Although he did not call any witnesses at trial, he attacks
the evidence presented by the State,


 and identifies evidence elicited on cross-examination of the State’s witnesses in support of his contention. 
          Appellant contends that although April Garcia testified that she witnessed
appellant pinch the complainant on her breast, her testimony did not indicate that the
incident occurred in Brazoria County, and did not indicate when the incident
occurred. Appellant also contends that her testimony is unreliable because she did
not immediately report the incident and could not explain why she did not
immediately report the incident. Appellant contends that Diana Garcia’s testimony
contradicted April Garcia’s testimony.


 He argues that Diana Garcia testified that the
complainant wanted to privately disclose to her that appellant inappropriately touched
her, while April Garcia testified that she reported witnessing appellant inappropriately
touch the complainant at the same time that the complainant reported the incident to
her mother. Appellant also attacks Kristan Garcia’s testimony because she originally
testified that she saw appellant touch or grab the complainant on her breast. On
cross-examination, however, she testified that she did not immediately report what
she saw nor did she “scream right away” when she witnessed the incident because
she “didn’t see anything.” Appellant also attacks the complainant’s testimony,
because she admitted that she has lied before, that she did not like appellant, and that
she would do anything to “get rid” of him.
          We have reviewed the record in a neutral light, and conclude that the evidence 
of appellant’s guilt is not so obviously weak as to undermine our confidence in the
verdict. See Johnson, 23 S.W.3d at 11. Furthermore, we conclude that the evidence
of his guilt is not greatly outweighed by contrary proof. Id. Although the jury was
presented with some inconsistent evidence, it was the jury’s exclusive province to
resolve those inconsistencies by making credibility determinations of the witnesses,
and we will not disturb that determination. Jones, 944 S.W.2d at 648; Obigbo v.
State, 6 S.W.3d 299, 305 (Tex. App.—Dallas 1999, no pet.) The evidence is factually
sufficient to support the jury’s finding as to each element of the offense for which
appellant was convicted and is factually sufficient to support the conclusion that the
offense occurred on or about January 29, 2001, in Brazoria County, Texas. We
overrule appellant’s fourth point of error.
 
Prosecutorial Misconduct
          In his fifth point of error, appellant contends he was denied a fair trial because
of prosecutorial misconduct. He contends that the complainant acknowledged during
cross-examination that “she spoke to the Prosecutor before, and had rehearsed the
questions that he was going to ask at trial.” Appellant’s fifth point of error also
contains a subsection entitled “Closing Arguments.” He does not, however, complain
of any statements made by the prosecutor during closing argument and does not
provide a single citation to authority or to the record. 
          In order to preserve a complaint for appellate review, a party must have
presented to the trial court a timely request, objection or motion, stating the specific
grounds for the ruling the party desired the court to make, and obtain a ruling on the
record. Tex. R. App. P. 33.1. We hold that appellant failed to preserve error due to
his failure to (1) object in the trial court to any alleged prosecutorial misconduct, (2)
cite supporting authority regarding his fifth point of error, and (3) discuss the
evidence supporting his contention on appeal.
          We overrule appellant’s fifth point of error.

 
Conclusion
          The judgment of the trial court is affirmed.
 
 
                                                             Adele Hedges
                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.4.